Carolyn D. Richmond, Esq.
Ernest Edward Badway, Esq.
Christopher R. Kinkade, Esq.
FOX ROTHSCHILD LLP
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: (212) 878-7986
Fax: (212) 692-0940

*Attorneys for plaintiff Anvil NY LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

ANVIL NY LLC
                                : Civil Action No.:

        Plaintiff,

                                : Judge:

    -against-

                                : **VERIFIED COMPLAINT**

MAJOR FOOD GROUP LLC and
GINGER ALE LLC,
                                : (Jury Trial Demanded)

        Defendants.

------------------------------------------------------------------x

Plaintiff Anvil NY LLC ("Anvil" or "Plaintiff"), by and through their attorneys, Fox

Rothschild LLP, bring this action against defendants Major Food Group LLC ("Major") and

Ginger Ale LLC ("Ginger") (collectively, "Defendants") and state and allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff operates a series of upscale and exclusive restaurants under the

operational and creative direction of famed celebrity chef, Marc Murphy. These restaurants at

different locations in the State, County, and City of New York are known to the public by using

the trademark "*Landmarc*", "*Landmarc by Marc Murphy*" or "*Landmarc Tribeca.*" Further,

these names are registered trademarks. Recently, Plaintiff learned that Defendants have

announced the creation of their own restaurant in New York City at the site of the old Four

Seasons restaurant. Defendants have already begun to advertise this location by using phrases incorporating the term "*Landmark*." Needless to say, Defendants' unauthorized and unlawful use of this term will create confusion and mistakes among its clientele. Accordingly, Plaintiff seeks both preliminary and permanent injunctions to stop Defendants' unauthorized and unlawful use of this term.

## JURISDICTION AND VENUE

2. Pursuant to 15 U.S.C. § 1121(a), this Court has original subject matter jurisdiction over this action as it arises under U.S.C. Title 15, Chapter 22 ("Lanham Act"), and involves Defendants' infringement of the federally registered, state registered, and common law trademarks owned by Plaintiff, and Defendants' false designation of origin under 15 U.S.C. §1125(a). Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has original jurisdiction over claims asserted under the Lanham Act, as these claims arise under the federal laws of the United States. Additionally, this Court has supplemental jurisdiction over all other claims not asserted under the Lanham Act pursuant to 28 U.S.C. § 1367(a), as these claims are related to claims within the Court's original jurisdiction.

3. This Court has personal jurisdiction over Defendants pursuant to New York Civil Practice Law and Rule ("CPLR") 302(a) because Defendants: (1) transact and solicit business in this District; (2) sell and/or render, within or without this state, services that infringe Plaintiff's trademarks expecting its acts to have consequences in this district; and (3) own, use or possess real property situated within the state.

4. Venue is proper in this district under 28 U.S.C. § 1391(b).

2

## THE PARTIES

5.    Plaintiff Anvil is a limited liability company, organized and existing under the laws of the State of New York and having its principal place of business at 218 Bloomfield Ave., Suite 12, Montclair, New Jersey 07042.

6.    Defendant Ginger is a limited liability company, organized and existing under the laws of Delaware having a registered address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.    Defendant Major is a limited liability company, organized and existing under the laws of Delaware, having a registered office at 23 Waverly Place, New York, New York 10003.

## FACTS COMMON TO ALL CLAIMS

### Plaintiff's Restaurant Business

8.    Plaintiff is owned and operated by the famous New York City executive chef and restauranteur – Marc Murphy.  Professionally trained in Paris and Monte Carlo, Mr. Murphy has spent decades in the New York City restaurant industry, including, but not limited to, having held the Executive Chef position at such highly regarded New York City restaurants as Cellar in the Sky at Windows on the World and La Fourchette.

9.    In March 2004, Mr. Murphy launched his first restaurant, the renowned LANDMARC restaurant in New York City's Tribeca neighborhood – thus LANDMARC TRIBECA was born.

3

10. With the success of his first restaurant, in 2007, Plaintiff expanded the LANDMARC brand, opening a second LANDMARC installment to the Time Warner Center in midtown Manhattan.

11. Since their launch, and the immediate success and rave reviews, the Marc Murphy name and the LANDMARC restaurant brand have seen a tremendous growth and following by patrons across New York City and beyond.

12. Mr. Murphy is regularly seen as a judge on Food Network's CHOPPED reality show; Mr. Murphy has published the cookbook SEASON WITH AUTHORITY; and has been instrumental in launching of multiple other restaurant brands in New York and nationally (including DITCH PLAINS, KINGSIDE and GREY SALT).

13. Mr. Murphy's personal appearances have spanned such shows as Iron Chef America, Beat Bobby Flay, The Rachel Ray Show, The Chew, Good Morning America, The Today Show and many more. As a result, Mr. Murphy and his LANDMARC brand have developed both a local and national audience and reputation.

## The Registration and Use of the LANDMARC Brand

14. Mr. Murphy realizing that the value of his business model and restaurant group was significantly tied to its identification with the public by the creative use of his name in the brand LANDMARC. As such, he undertook steps to ensure the protection of his intellectual property.

15. In or about 2004, related entity West Broadway Management LLC registered and became the owner of New York State Trademark Registration No. S18760 (renewed S22868), for the mark "LANDMARC", covering "restaurant services". Said registration was issued on April 5, 2004 and subsequently renewed on April 5, 2014 (and more recently formally

4

assigned to Plaintiff on February 28, 2017). A true and correct copy of LANDMARC New York State Trademark Certificate of Registration and Renewal and Assignment is annexed hereto **as Exhibit 1**.

16. The first use in commerce of the trademark LANDMARC by Plaintiff in any iteration occurred at least as early as March 2004.

17. Anvil is also the owner of the U.S. Trademark Registration No. 4006695 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for the trademark "LANDMARC TRIBECA" covering services described as "restaurant and bar services" in International Class 43. A true and correct copy of LANDMARC TRIBECA Certificate of Registration is annexed hereto as **Exhibit 2.**

18. The first use in commerce of the trademark LANDMARC TRIBECA by Plaintiff in any iteration occurred at least as early as March 2004.

19. Anvil also owns U.S. Trademark Application Serial No. 86772631, on the Principal Register in the USPTO for the trademark "LANDMARC BY MARC MURPHY" covering services in use in commerce described as "restaurant, bar and catering services" in International Class 43. That Application has been approved by the USPTO and all necessary filings have been made. In fact, only the issuance of the Certificate of Registration is pending. A true and correct copy of the Allowed LANDMARC BY MARC MURPHY Application, is annexed hereto as **Exhibit 3**. The LANDMARC, LANDMARC TRIBECA and LANDMARC BY MARC MURPHY trademarks are all collectively referred to herein as the "LANDMARC Marks."

20. The first use in commerce of the trademark LANDMARC BY MARC MURPHY by Plaintiff in any iteration occurred at least as early as December 2016.

5

21. Since their openings in 2004 and 2007, respectively, Plaintiff's

LANDMARC restaurants have served tens of thousands of customers.

**Plaintiff's Marketing and Advertising Efforts**

22. Additionally, over the last decade, Plaintiff has spent a significant amount of money and exercised great effort in advertising/promoting and establishing the LANDMARC Marks in the minds of consumers as identifiers of Plaintiff's high quality restaurant services.

23. Plaintiff's advertising involves a number of different venues including television, radio, Internet, print advertising, trade shows, trade publications, all featuring the LANDMARC Marks.

24. Most prominent, Plaintiff advertises through the countless public appearances by Mr. Murphy in support of the LANDMARC Marks. Plaintiff also maintains a website at www.landmarc-restaurant.com that provides information about Plaintiff's services under the marks as well as information about Mr. Murphy, the restaurateur and entrepreneur, who promotes the various LANDMARC and related restaurants as well as Mr. Murphy's cookbook and other entrepreneurial pursuits.

25. Not surprisingly, Plaintiff also advertises their services on internet sites and social media outlets such as INSTAGRAM - https://www.instagram.com/eat_landmarc/; Pinterest - https://www.pinterest.com/landmarcnyc/; Facebook - https://www.facebook.com/landmarctimewarner; https://www.facebook.com/landmarctribeca; and Twitter https://twitter.com/eat_landmarc.

26. As a result of these efforts, Plaintiff has enjoyed significant commercial success and fame within the New York City restaurant industry for the LANDMARC Marks.

6

27. Through Plaintiff's continuous and exclusive use of the LANDMARC Marks in the rendering of their services for over a decade as well as their extensive advertisement campaigns, word-of-mouth, public appearances and strategic geographic locations in the world famous Times Warner Center (home of over 16 million visitors per year), Plaintiff's LANDMARC Marks have acquired such considerable goodwill that the public has come to associate these marks exclusively with Plaintiff and to believe that the LANDMARC names and brands uniquely identify Plaintiff's high quality restaurant services.

28. As such, through Plaintiff's extensive efforts and continuous use, the LANDMARC Marks have become famous in New York City and have earned Plaintiff a far-reaching reputation and goodwill for its services identified by these marks.

**Defendants' Competing Restaurant Business**

29. Similarly, Major is also a large restaurant collective located in New York City, owned and/or operated by Rich Torisi, Jeff Zalaznick and Mario Carbone. These persons are the proprietors of such restaurants as Carbone, Dirty French, Parm and Santina. Ginger, is a related entity to Major and co-owner of two new additional restaurants (along with partner and landlord, Aby Rosen), each located at the Seagram Building in New York City.

30. Apparently, Defendants now intend to, and/or have already opened two restaurants in the Seagram Building under the umbrella name The Landmark Rooms.

31. Through public events, soft openings, and other intentional media opportunities, Defendants have both advertised and rendered their services through the instrumentalities and means of commerce within the United States, including, but not limited to, the State, County and City of New York.

7

32. Further, it has become known that a full public opening of The Landmark Rooms is set to commence in late March 2017.

**Defendants Infringement of Plaintiff's Registered Trademarks**

33. From 2004 until the present, Plaintiff and its owner Marc Murphy have enjoyed significant success and acclaim, operating two fine quality, highly regarded, and publicly recognized "LANDMARC" restaurants in Midtown and the Tribeca sections of Manhattan.

34. Nonetheless, with both actual and constructive knowledge of Plaintiff's LANMDARC Marks and popular restaurant locations, in late 2016, Defendants, apparently, decided to adopt the same name for their new multi-restaurant complex to be located in the historic Seagram Building, looking to draw upon the reputation and goodwill of the Plaintiff and Plaintiff's brand.

35. News of these names broke in late November 2016, as on November 28, 2016, New York City publication and website Page Six (www.pagesix.com) published an article titled "Seagram Building's new restaurants renamed the 'Landmark'". In that article, the reporter noted that the Landmark was short for "the Landmark Rooms" and warned consumers that "the new Landmark name shouldn't be confused with chef Marc Murphy's Landmarc restaurants in Tribeca and in the Time Warner Center" – essentially acknowledging that confusion would follow. A true and correct copy of the article is annexed hereto as **Exhibit 4.**

36. On November 29, 2016, a similar article was published in NYEater (ny.eater.com) titled "Major Food Group's Restaurant in Former Four Season Space Has a Name: The Landmark" and similarly described plans for the new set of restaurants at this location. A true and correct copy of the article is annexed hereto as **Exhibit 5.**

8

37. Concerned with the apparent and impending conflict and infringement, in early January 2017, counsel for Plaintiff sent a letter to Defendants requesting they abandon any plans to use the name LANDMARK in the branding of the impending restaurant launches.

38. On January 29, 2017, the same Page Six reporter from November 28, 2016, published the story "Landmark throws first bash at the Seagram Building" noting a party held at the location and expecting a formal opening in March 2017. A true and correct copy of the article is annexed hereto as **Exhibit 6.**

39. Despite an exchange of letters between counsel and settlement discussions between the parties, spanning January 2017 through March 2017, an amicable resolution was never reached, thus, resulting in the need for this Court's intervention.

40. Defendants' LANDMARK restaurants will open to the public sometime in late-March 2017, despite sporadic special events and soft openings taking place prior to that date.

41. The Seagram Building (location of The Landmark Rooms) is located at 375 Park Avenue, between East 52nd and 53rd Streets, in New York City.

42. The Time Warner Center (home of one of Plaintiff's LANDMARC restaurants) is located at 10 Columbus Circle, between 58th and 60th Street, in New York City.

43. Both locations are approximately 1 mile apart and both are located in what is commonly recognized as midtown, Manhattan, New York.

44. Both Plaintiff's and Defendants' LANDMARC and LANDMARK restaurants will be marketed to the same type of customers, seeking high quality fine dining in New York City.

45. When pronounced, the words LANDMARK and LANDMARC are phonetically identical, and, thus, legally identical for trademark likelihood of confusion purposes.

46. Plaintiff's LANDMARC restaurants, are commonly advertised and promoted via word-of-mouth, audio advertising, or simply through verbal promotion by their owners and chefs.

47. Additionally, there is no reason to anticipate that Defendants' LANDMARK restaurants will not be promoted verbally or aurally, as is common in the restaurant industry.

48. It is a generally accepted practice in the restaurant industry, that, when reservations are made for high quality dining, they are often made using a telephone, wherein the name of the restaurant is spoken by an employee answering the phone and/or the patron seeking the reservation.

49. Defendants' use of the LANDMARK name is confusingly similar to Plaintiff's LANDMARC Marks since they offer identical restaurant services and are being used without Plaintiff's authorization or authorization from any other person or entity authorized to grant such permission.

50. Defendants' use of the LANDMARK name is confusingly similar to Plaintiff's LANDMARC Marks, and is likely to cause consumers to believe that Plaintiff's and Defendants' services originate from the same source or are somehow related, or that Plaintiff is licensing, endorsing, authorizing, sponsoring or is in some way associated with Defendants' activities.

51. Defendants' use of names that are confusingly similar to Plaintiff's LANDMARC Marks will adversely interfere and continue to adversely interfere with Plaintiff's

10

efforts to market and advertise the LANDMARC brand in the New York City area, on account of third party inquiries about the relationship and potential infringement.

52. Defendants are capitalizing on Plaintiff's well known goodwill and reputation to enhance the promotion and sales of its own services for commercial purposes and financial gain.

53. Plaintiff has been, and continues to be, injured by Defendants' unlawful acts within the State of New York and within this judicial district.

54. Accordingly, Defendants acted with actual and constructive notice of the LANDMARC Marks, Plaintiff's trademark registrations, and of Plaintiff's extensive and continuous use of the LANDMARC Marks for over a decade in association with restaurant services.

55. Thus, Defendants performed the acts complained of herein willfully and with knowledge of the infringement they would cause, and with intent to cause confusion, mistake, or deception, and to appropriate and unfairly trade upon Plaintiff's extensive reputation and goodwill in the LANDMARC Marks.

## CAUSES OF ACTION

### COUNT I

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114, 1117

56. Plaintiff repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 55 of this Verified Complaint as if fully set forth herein.

57. Defendants' unauthorized and unlicensed use of trademarks confusingly similar to the LANDMARC Marks (specifically LANDMARC TRIBECA) in the United States commerce in association with services related to the advertising, marketing, promotion, offer for

11

sale and rendering of restaurant and bar services is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendants' services.

58. Defendants' acts infringe Plaintiff's LANDMARC TRIBECA trademark, with consequent damage to Plaintiff and Plaintiff's business and goodwill symbolized by the LANDMARC TRIBECA trademark in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act).

59. Defendants' acts of trademark infringement of the LANDMARC TRIBECA trademark for commercial purposes and financial gain have caused and are causing great and irreparable injury to Plaintiff, to the LANDMARC Marks, and to the Plaintiff's business and goodwill represented by these marks, in an amount that cannot be ascertained at this time, and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

60. Defendants' acts have been willful, deliberate, and intended to benefit Defendants at Plaintiff's expense.

61. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused by reason of Defendants' acts of trademark infringement.

## COUNT II

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

62. Plaintiff repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 61 of this Verified Complaint as if fully set forth herein.

63. Defendants' use of trademarks confusingly similar to the LANDMARC Marks in the manner described above is likely to cause consumers to mistakenly believe that

12

Defendants have an affiliation with the Plaintiff, that Defendants' services are sponsored or approved by Plaintiff, or that Defendants are otherwise associated with or has obtained permission from Plaintiff.

64. Defendants' acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff, to the LANDMARC Marks, and to the Plaintiff's business and goodwill represented by these marks in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

65. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused by Defendants' acts of unfair competition and false designation of origin.

## COUNT III

## TRADEMARK INFRINGEMENT UNDER NEW YORK STATE LAW

66. Plaintiff repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 65 of this Verified Complaint as if fully set forth herein.

67. The acts of Defendants as described above constitute trademark infringement in violation of Plaintiff's rights under the law of the State of New York, and, in particular, New York General Business Law ("NY GBL") § 360-k.

## COUNT IV

## TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW

68. Plaintiff repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 67 of this Verified Complaint as if fully set forth herein.

13

69. The acts of Defendants as described above constitute trademark infringement

in violation of Plaintiff's rights under the common law of the State of New York and NY GBL §

360-o.

## COUNT V

## UNFAIR COMPETITION AND DECEPTIVE ACTS AND PRACTICES
## UNDER NEW YORK STATE LAW

70. Plaintiff repeats, realleges and incorporates all of the allegations made in

paragraphs 1 through 71 of this Verified Complaint as if fully set forth herein.

71. The acts of Defendants as described above constitute unlawful deceptive acts

and practices in violation of NY GBL §§349-350 and unfair competition under New York

common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor as

follows:

1. Declare that Defendants' unauthorized conduct violates Plaintiff's rights under
the Lanham Act, the common law of New York, the New York General Business Law.

2. Immediately and permanently enjoin Defendants', their agents, servants,
employees, representatives, attorneys, related companies, successors, assigns, and all others in
active concert or participation with Defendants from:

> (a) using the "LANDMARK" name or trademark or any confusingly similar
> variations of these marks or any designations that include the term LANDMARK
> in a manner not descriptively identifying the geographic location or building
> housing Defendants' restaurants as a "New York City Landmark";

> (b) from doing any other acts or things calculated or likely to cause confusion
> or mistake in the mind of the public, or to lead consumers into the belief that
> services marketed, advertised, promoted, offered for sale, and/or rendered by
> Defendants are authorized, sponsored, licensed, endorsed, promoted, or condoned
> by Plaintiff, or are otherwise affiliated with or connected to Plaintiff;

14

(c)     representing by any means whatsoever, directly or indirectly, that any services offered or rendered by Defendants are offered, rendered by, or approved by Plaintiff, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers as to the origin or sponsorship of such services;

(d)     otherwise competing unfairly with Plaintiff in any manner;

(e)     continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint; and

(f)     aiding any other party in doing any acts prohibited by this paragraph.

3.     Direct Defendants to provide a complete accounting of its infringing activities and to deliver to Plaintiff any and all marketing materials in Defendants possession or control, incorporating a trademark confusingly similar to Plaintiff's LANDMARC trademarks.

4.     Direct Defendants to engaged in corrective advertising, including but not limited to the issuance of an advertisement in a local media publication commonly used by others in the New York City restaurant industry, identifying a change of name or rebranding of the Defendants' location to a name omitting the LANDMARK wording.

5.     Order Defendants, pursuant to 15 U.S.C. § 1116, to serve on Plaintiff within thirty (30) days after service on Defendants of preliminary or permanent injunction orders, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction(s).

6.     Order Defendant to account to Plaintiff for Defendants' profits and any damages sustained by Plaintiff arising from Defendants' acts of trademark infringement, and unfair competition, and order that Plaintiff be awarded the greater of (i) three times Defendants' profits or (ii) three times any damages sustained by Plaintiff under 15 U.S.C. § 1117, plus prejudgment interest.

7.     Award Plaintiff their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, investigative expenses, and expert and other fees, on the ground that this is an exceptional case under 15 U.S.C. § 1117.

8.     Award Plaintiff such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury on all triable issues contained in the Verified Complaint.

Dated: New York, New York
       March 7, 2017

Respectfully submitted,

FOX ROTHSCHILD LLP

/s/ Ernest Edward Badway

_____

Carolyn D. Richmond, Esq.
Ernest Edward Badway, Esq.
Christopher R. Kinkade, Esq.
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: 212 878-7986
Fax: 212 878-0940

*Attorneys for Plaintiff Anvil NY LLC and*

16

## VERIFICATION

MARC MURPHY, being first duly sworn, deposes and says as follows:

1.   I am President of Anvil NY LLC.

2.   I have read the foregoing Verified Complaint and know the contents

thereof and the same are true to my knowledge, except those matters stated thereon as to be

alleged upon information and belief, and as to those matters I believe them to be true; and verify

under the penalty of perjury that the forgoing is true and correct.

_____
MARC MURPHY

Sworn to before me this
_____ day of March, 2017

_____

Notary Public

ERNEST EDWARD BADWAY
Notary Public - State of New York
NO. 02BA6136098
Qualified in New York County
My Commission Expires Feb 24, 2018

17